# ROBERT C. FLANAGAN *v.* RICHARD BLUMENTHAL ET AL.
## (AC 27448)
Bishop, Rogers and Lavine, Js.

Argued November 29, 2006—officially released April 3, 2007

*Matthew E. Frechette,* with whom was *Roger J. Frechette,* for the appellant (plaintiff).

*Jane R. Rosenberg,* assistant attorney general, with whom were *David C. Nelson,* assistant attorney general, and, on the brief, *Richard Blumenthal,* attorney general, and *Susan Quinn Cobb,* assistant attorney general, for the appellees (defendants).

*Opinion*

BISHOP, J. General Statutes § 5-141d,[1] as amended in 2005 by Public Acts 2005, No. 05-114, § 3 (d) (P.A.

---

[1] General Statutes § 5-141d provides: "(a) The state shall save harmless and indemnify any state officer or employee, as defined in section 4-141, and any member of the Public Defender Services Commission from financial loss and expense arising out of any claim, demand, suit or judgment by reason of his alleged negligence or alleged deprivation of any person's civil rights or other act or omission resulting in damage or injury, if the officer, employee or member is found to have been acting in the discharge of his duties or within the scope of his employment and such act or omission is found not to have been wanton, reckless or malicious.

"(b) The state, through the Attorney General, shall provide for the defense of any such state officer, employee or member in any civil action or proceeding in any state or federal court arising out of any alleged act, omission or deprivation which occurred or is alleged to have occurred while the officer, employee or member was acting in the discharge of his duties or in the scope of his employment, except that the state shall not be required to provide for such a defense whenever the Attorney General, based on his investigation of the facts and circumstances of the case, determines that it would be inappropriate to do so and he so notifies the officer, employee

05-114), permits a state officer or employee to bring an action in the Superior Court against the state for indemnification for legal fees and costs incurred by such officer or employee in the defense of any civil action in any state or federal court arising out of any alleged act, omission or deprivation that occurred or is alleged to have occurred in the scope of employment. The determinative issue in this appeal is whether P.A. 05-114 should be applied retroactively. Because we conclude that it should not, we affirm the judgment of the trial court.

The following facts and procedural history, as set forth by the court in its memorandum of decision, are relevant to the plaintiff's appeal. The plaintiff, Robert C. Flanagan, brought this action in 2001, pursuant to General Statutes (Rev. to 2001) § 5-141d, seeking indemnification from the state for attorney's fees and costs incurred in defending allegations of sexual misconduct. The defendants, attorney general Richard Blumenthal and the state of Connecticut, moved to dismiss the

or member in writing.

"(c) Legal fees and costs incurred as a result of the retention by any such officer, employee or member of an attorney to defend his interests in any such civil action or proceeding shall be borne by the state only in those cases where (1) the Attorney General has stated in writing to the officer, employee or member, pursuant to subsection (b) of this section, that the state will not provide an attorney to defend the interests of the officer, employee or member, and (2) the officer, employee or member is thereafter found to have acted in the discharge of his duties or in the scope of his employment, and not to have acted wantonly, recklessly or maliciously. Such legal fees and costs incurred by such officer, employee or member shall be paid to such officer, employee or member only after the final disposition of the suit, claim or demand and only in such amounts as shall be determined by the Attorney General to be reasonable. In determining whether such amounts are reasonable, the Attorney General may consider whether it was appropriate for a group of officers, employees or members to be represented by the same counsel.

"(d) Such officer, employee or member may bring an action in the Superior Court against the state to enforce the provisions of this section.

"(e) The provisions of this section shall not be applicable to any such officer, employee or member to the extent he has a right to indemnification under any other section of the general statutes."

action on the basis of sovereign immunity. The trial court denied the motion to dismiss and the defendants appealed. Holding that § 5-141d waived immunity from liability but not immunity from suit, the Supreme Court reversed the court's ruling. See *Flanagan* v. *Blumenthal*, 265 Conn. 350, 828 A.2d 572 (2003). The Supreme Court ordered the case remanded with direction to render judgment dismissing the plaintiff's complaint. The trial court accordingly rendered judgment of dismissal on August 27, 2003. The plaintiff, however, on August 22, 2003, had moved for reconsideration of the Supreme Court decision. In light of the pending motion for reconsideration, the trial court vacated the judgment of dismissal. Thereafter, on September 25, 2003, the Supreme Court denied the motion for reconsideration. No further action occurred regarding the Supreme Court's direction to dismiss the case, nor were there any pleadings filed until November 17, 2005, when the plaintiff filed a request for leave to amend his complaint. In response, the defendants filed an objection to the request for leave to amend and a motion for judgment in accordance with the Supreme Court's order to dismiss the case. Concluding that it was bound by the mandate of the Supreme Court to dismiss the case, the trial court sustained the objection to the request for leave to amend the complaint and granted the motion for judgment of dismissal. This appeal followed.

On appeal, the plaintiff claims that because there was a change in existing law between the time of the remand order and the date the trial court acted on the remand, the trial court improperly dismissed his complaint. The amendment of § 5-141d, on which the plaintiff relies, was enacted by the General Assembly two years after the Supreme Court ordered the trial court to render judgment in this matter. The amendment, § 3 (d), amended § 5-141d to add a new subsection that permits certain actions against the state. Specifically, § 3 (d)

provides that "[s]uch officer, employee or member may bring an action in the Superior Court against the state to enforce the provisions of this section." Thus, the determinative issue is whether the plaintiff's action was affected by the intervening statutory enactment, which took effect on October 1, 2005. Because the institution of the plaintiff's action preceded the effective date of the amendment by several years, this question turns on whether P.A. 05-114 is retroactive.

"Whether to apply a statute retroactively or prospectively depends upon the intent of the legislature in enacting the statute. . . . In order to determine the legislative intent, we utilize well established rules of statutory construction. Our point of departure is General Statutes § 55-3, which states: No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have retrospective effect. The obligations referred to in the statute are those of substantive law. . . . Thus, we have uniformly interpreted § 55-3 as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only. . . . The rule is rooted in the notion that it would be unfair to impose a substantive amendment that changes the grounds upon which an action may be maintained on parties who have already transacted or who are already committed to litigation. . . . In civil cases, however, unless considerations of good sense and justice dictate otherwise, it is presumed that procedural statutes will be applied retrospectively. . . . Procedural statutes have been traditionally viewed as affecting remedies, not substantive rights, and therefore leave the preexisting scheme intact. . . . [A]lthough we have presumed that procedural or remedial statutes are intended to apply retroactively absent a clear expression of legislative intent to the contrary . . . a statute which, in form, provides but

a change in remedy but actually brings about changes in substantive rights is not subject to retroactive application. . . . While there is no precise definition of either [substantive or procedural law], it is generally agreed that a substantive law creates, defines and regulates rights while a procedural law prescribes the methods of enforcing such rights or obtaining redress." (Citations omitted; internal quotation marks omitted.) *D'Eramo* v. *Smith*, 273 Conn. 610, 620–21, 872 A.2d 408 (2005).

Prior to the enactment of P.A. 05-114, our Supreme Court held that sovereign immunity barred suits against the state to enforce the provisions of § 5-141d. See *St. George* v. *Gordon*, 264 Conn. 538, 825 A.2d 90 (2003); *Flanagan* v. *Blumenthal*, supra, 265 Conn. 350. The amendment waives this immunity by permitting suit against the state. In short, the amendment creates a right of action that did not previously exist. Thus, § 3 (d) affects substantive rights and imposes new obligations on the state by waiving the state's sovereign immunity. Because a waiver of sovereign immunity imposes new liability on the state and affects its substantive rights by subjecting it to suit, it must be presumed not to apply retroactively in the absence of clear legislative intent to the contrary. See *Reid* v. *Zoning Board of Appeals*, 235 Conn. 850, 859 n.6, 670 A.2d 1271 (1996) (" '[i]t is a rule of construction that legislation is to be applied prospectively unless the legislature clearly expresses an intention to the contrary' ").

Looking first at the language of P.A. 05-114, there is no indication of any legislative intent that it be applied retroactively. To the contrary, the act states that it is "[e]ffective October 1, 2005," and is silent on the issue of retroactivity. Nor is there any indication in the legislative history that the act is intended to apply retroactively. The plaintiff contends, nevertheless, that because the amendment was merely a clarification of existing law, it should be construed retroactively. In

support of his position, the plaintiff refers to a singular instance in the legislative history where the amendment is referred to as a clarification. Representative Craig A. Miner asked: "On Line 27, Section 3 that you just spoke about, there seems to be a process by which an individual can make a claim back to the state for reimbursement for fees. As I understand it, is this an attempt to clarify the state's position on who might be eligible for that?" Representative James F. Spallone answered affirmatively. 48 H.R. Proc., Pt. 19, 2005 Sess., p. 5732. This one reference to the act as a clarification, however, cannot overcome the references to the act as representing a change in existing law. When Representative Spallone introduced the amendment, he contrasted current law with the rights that a state employee would have under the amendment. Representative Spallone explained: "Under current law, the state must indemnify a state officer, employee or a member of the Public Defender Services Commission for financial loss or expense from a claim or judgment based on negligence, deprivation of civil rights or other acts or omissions causing damage or injury if the person was acting in the discharge of his duties or in the scope of employment. . . . Under this Bill, under Section 3, the person would have a cause of action in Superior Court to enforce the indemnification and defense by the Attorney General." Id., pp. 5730–31. Subsequently, Representative Richard O. Belden recognized that the amendment was a "significant change in current law . . . ." Id., p. 5736. In light of these remarks and the lack of a clear indication that the legislature intended P.A. 05-114 to be a clarification of existing law, the plaintiff's claim fails.

Because § 3 (d) affects substantive rights and there is no indication of legislative intent that it should be applied retroactively, it may be applied prospectively only. Accordingly, the trial court properly sustained the

objection to the plaintiff's request for leave to amend his complaint and properly rendered judgment dismissing the case.[2]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] We may "affirm the court's judgment on a dispositive alternate ground for which there is support in the trial court record." (Internal quotation marks omitted.) *State* v. *Colon,* 272 Conn. 106, 188, 864 A.2d 666 (2004), cert. denied, 546 U.S. 848, 126 S. Ct. 102, 163 L. Ed. 2d 116 (2005).